IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY FLORIDA
SMALL CLAIMS

QUESCHON L. PEARSON

    **Plaintiff,**                                                                                         CASE NO.

vs.

CONVERGENT OUTSOURCING, INC.

    **Defendant.**

_____/

## STATEMENT OF CLAIM

Plaintiff, Queschon L. Pearson ("Plaintiff"), alleges the following Complaint against Defendant, Convergent Outsourcing, Inc. ("Defendant").

1. This is an action for damages that are between $1,000 and $2,500, exclusive of attorneys' fees and costs.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

3. Jurisdiction and venue are conferred by 15 U.S.C. § 1692i and Fla. Stat. § 559.77.

4. At all times material, Plaintiff was a resident of Tampa, Florida.

5. At all times material, the conduct of Defendant complained of below occurred in in Hillsborough County, Florida.

6. At all times material, Defendant engaged in its usual and customary business, including its dealings with Plaintiff, within Hillsborough County, Florida.

7. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

8. The FCCPA was enacted to provide additional protections to Florida residents and consumers against abusive debt collection practices. Fla. Stat. § 559.552.

9. The Florida Legislature has specifically directed that the FCCPA and FDCPA complement one another, and "[i]n the event of any inconsistency between any provision of [the FCCPA] and any provision of the [the FDCPA], the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552.

## PARTIES

10. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

11. Defendant is a collection agency with a principal place of business in Washington that regularly performs debt collection in Florida, including its dealings with Plaintiff in Hillsborough County, Florida, is a "person" subject to regulation under Fla. Stat. § 559.72, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. On January 27, 2015, the Defendant sent or caused to be sent to Plaintiff, via U.S. Mail, a letter attempting to collect a debt or financial obligation incurred by Plaintiff for primarily personal, family or household purposes (hereinafter the "Debt Collection Letter") and Plaintiff received it shortly thereafter. A copy of the Debt Collection Letter is attached hereto as **Exhibit A**.

13. The Debt Collection Letter is a "communication" pursuant to the FDCPA, 15 U.S.C. § 1692a(2).

14. In the Subject Letter, Defendant described Plaintiff's rights under 15 U.S.C. § 1692g(a)(4) by stating in pertinent part: "If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

15. 15 U.S.C. § 1692g(a)(4) provides in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> *********
>
> a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector (emphasis added).

16. Additionally, in the Subject Letter, Defendant described Plaintiff's rights under 15 U.S.C. § 1692g(a)(5) by stating in pertinent part: "If you request this office within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor."

17. 15 U.S.C. § 1692g(a)(5) provides in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> *********
>
> a statement that, upon the consumer's **written** request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor (emphasis added).

18. Defendant violated the FDCPA, and misrepresented applicable legal rights under the FCCPA, by failing to notify Plaintiff that (under 15 U.S.C. § 1692g(a)(4) and g(a)(5)) she had to request **in writing**, within the 30 day period, a verification of the debt and the name and address of the original creditor. *See, e.g., Welker v. Law Office of Daniel J. Horowitz*, 699 F.Supp.2d 1164 (S.D. Cal. 2010); *see also Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F.Supp.2d 336, 340 (E.D.N.Y.2002) ("Without a statement that [the requests under sub-section g(a)(4) & g(a)(5) ] must be in writing, the least sophisticated consumer is not simply uncertain of [her] rights under the statute, [she] is completely unaware of them." (internal citation omitted)).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. 1692 § *et seq.*

19. Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint as though stated fully herein.

20. The foregoing acts and omissions of Defendant constitute a violation of 15 U.S.C. §§ 1692g(a)(4) and g(a)(5).

21. As a result of Defendant's violation of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
### FLORIDA STATUTES § 559.55 *et seq.*

22. Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of Defendant constitute violations of the FCCPA including, but not limited to:

    a. Fla. Stat. 559.72(9): . . . assert the existence of some other legal right when such person knows that the right does not exist.

24. As a result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to statutory damages in an amount up to $1,000.00 for each violation of the FCCPA, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** **May 18, 2015**

    **DISPARTI FOWKES & HASANBASIC, P.A.**

    /s/ Jon Dubbeld
    Paul R. Fowkes, Esq.
    Fla. Bar No. 723886
    Ryan C. Hasanbasic, Esq.
    Fla. Bar No. 044119
    Jon Dubbeld, Esq.
    Fla. Bar No. 105869
    2154 Duck Slough Blvd. Suite 101
    Trinity, Fl 34655
    813-221-0500
    *Attorneys for Plaintiffs*