UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

QUESCHON L. PEARSON,

    Plaintiff,

vs.                                    Case No.: 8:15-cv-01424-EAK-TBM

CONVERGENT OUTSOURCING, INC.,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant Convergent Outsourcing, Inc.'s, ("Convergent") Motion to Dismiss (Doc. # 4), filed June 22, 2015, and Plaintiff Queschon L. Pearson's ("Pearson") Complaint (Doc. # 2), filed June 17, 2015. For the reasons that follow below, Convergent's Motion to Dismiss is **GRANTED AS TO** Count II and the remainder of the Motion is **DENIED**.

### Background

This case concerns alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"). The basis for Pearson's allegations is a letter sent to her by Convergent. (Doc. # 2-1). She alleges this letter violated the requirements of the FDCPA and FCCPA due to a discrepancy between the language contained in the letter and the statutory language of the FDCPA and FCCPA. The statute requires a debt collector, such as Convergent, to provide a consumer, such as Pearson, with a Notice of Debt that contains, in part:

> a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is

> disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)(4) (emphasis added). The letter from Convergent to Pearson reads:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Doc. # 2-1 at 3). Pearson's grounds for bringing this claim rest on the absence in Convergent's letter of the phrase "in writing" specifying the manner in which Pearson was to respond regarding her debt. Pearson argues this omission is misleading under the FDCPA. (Doc. # 2).

## **Legal Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-prong approach when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned [...] accusation." Id. (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)).

## Discussion

### I. Pearson's FDCPA Claim

The FDCPA is intended to protect consumers from abusive debt collection practices. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367 (11th Cir. 1998). To achieve this, it "prohibits unfair or conscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires

that collectors make certain disclosures." Acosta v. Campbell, 309 Fed.Appx. 315 (11th Cir. 2009).

Failure to meet one or more of the FDCPA's statutory notice requirements is grounds for suit "if the variance is one that would tend to mislead the least sophisticated consumer." Caceres v. McCalla Raymer, LLC, 755 F.3d 1299, 1303 (11th Cir. 2014). In LeBlanc v. Unifund CCR Partners, the 11th Circuit defined a "least sophisticated consumer" as one who "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." 601 F.3d 1185, 1194 (11th Cir. 2010). The "least sophisticated consumer" standard does not impose liability on a debt collector for a consumer's "bizarre or idiosyncratic interpretations of collection notices . . . ." Id. Plaintiffs under the FDCPA are required to advance a theory of liability with a "quotient of reasonableness." Id.

In support of its Motion to Dismiss, Convergent relies on Bishop v. Ross Earle & Bonan, P.A., 2015 WL 2195089 (S.D. Fla. May 11, 2015), a case with nearly identical facts. (Doc. # 4) In Bishop, the Southern District of Florida found that omission of the phrase "in writing" was not sufficiently misleading so at to violate the FDCPA. Bishop, 2015 WL 2195089 at *4. This Court, however, need not give deference to the Southern District's interpretation of the FDCPA. McGinley v. Houston, 361 F.3d 1328, 1331 (11th Cir. 2004). As the 11th Circuit has not yet ruled on this issue, this Court looks to the reasoning and rulings used in sister courts.

Courts throughout the country have held the omission of the phrase "in writing" to be sufficient to violate the FDCPA. See, e.g., Welker v. Law Office of Daniel J. Horowitz, 699 F.Supp.2d 1164 (S.D. Cal. 2010); Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078 (9th Cir. 2005); Yrok Gee Au Chan v. North Am. Collectors, Inc., No. C 06-0016 JL, 2006 WL 778642 (N.D. Cal. Mar. 24, 2006); McCabe v. Crawford & Co., 272 F.Supp.2d 736 (N.D. Ill. 2003); Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 217 F.Supp.2d 336 (E.D.N.Y. 2002); Bicking v. Law Offices of Ruberstein and Cogan, 783 F.Supp.2d 841 (E.D. Va. 2011); Beasley v. Sessoms & Rogers, P.A., No. 5:09-CV-43-D, 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010). While recognizing that this Court is not bound to follow the decisions of courts outside the 11th Circuit, this Court notes that the great weight of decisions lie in Pearson's favor.

The language of FDCPA § 1692g(a)(4)–(5) expressly requires consumers to contact a debt collector **in writing**. 15 U.S. § 1692g(a)(4)–(5). If the consumer fails to contact a debt collector in writing, the effect has been to allow debt collectors to ignore the consumer's oral dispute of the debt and continue their collection efforts without providing the proper verification or creditor identity as required under § 1692g(a)(4)–(5). See, e.g., Hinkle v. Midland Credit Management, Inc., No. CV 313-033, 2015 WL 74267 (S.D. Ga. Jan. 6, 2015); Osborn v. Ekpsz, 821 F.Supp.2d 859 (S.D. Tex. 2011); Withers v. Eveland, 988 F.Supp.2d 942 (E.D. Va. 1997).

The FDCPA explicitly provides the necessary language to provide notice to a consumer of his or her rights and obligations. If a debt collector truly does

not desire to mislead a consumer as to his or her rights and obligations, it follows that the debt collector need only use the exact statutory language provided by Congress in the FDCPA. As the cases cited above show, whether or not a debt collection notice contains the phrase "in writing" is a material and significant omission substantially affecting the rights of the consumer. Accordingly, this Court declines to dismiss Count I.

II. Pearson's FCCPA Claim

Convergent also moves to dismiss Count II of Pearson's Complaint alleging a violation of Fla. Stat. § 559.72(9). In her Response, Pearson acknowledges the lack of evidence to substantiate Count II at this time and does not oppose dismissal (Doc. # 10). The Court therefore agrees to dismiss Count II without prejudice. Accordingly, it is

**ORDERED** that Convergent's Motion to Dismiss is **GRANTED AS TO** Count II, which is dismissed, and the remainder of the Motion is **DENIED**. The Defendant has ten (10) days from this date to answer the Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida this ___ day of September, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record